UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOY A. COUSINS                          *       CIVIL ACTION

V.                                      *       NO. 06-481

ALLSTATE INSURANCE COMPANY              *       SECTION "F"


ORDER AND REASONS

Before the Court is Allstate's motion for summary judgment. For the reasons that follow, the motion is GRANTED.


I.  Background

Joy Cousins applied for a new flood insurance policy on Friday, July 29, 2005.[1] The flood policy, a "Write-Your-Own" (WYO) policy, was underwritten through FEMA in the National Flood Insurance Program (NFIP).  Cousins bought the policy through her Allstate agent, George Gaudin.[2]  Although Cousins applied for the policy on Friday, she did not pay for the policy until she returned to the agent's office on Monday, August 1.

Cousins' home in New Orleans, Louisiana, was damaged by

---

[1]     Cousins has had intermittent flood insurance through FEMA's program since 1999; however, she has a history of failing to pay her premiums timely and then purchasing a new policy after the current policy is terminated.

[2]     George Gaudin is not a named defendant in this lawsuit. Cousins chose to sue Gaudin in a separate lawsuit in state court.

Hurricane Katrina on August 29, 2005.  She filed a claim under her flood policy, but Allstate refused to pay the claim, arguing that the federal regulations of the NFIP, the policy did not take effect until 12:01 a.m. on August 31.  Cousins sued Allstate in state court, demanding payment for the full policy amount for breach of contract and state law penalties for bad-faith claims-handling. Allstate removed the lawsuit to this Court and now moves for summary judgment.

I.

Rule 56 of the Federal Rules of Civil Procedure instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish

2

an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, she must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.


                                    II.

        To address the problem of "fair-weather" policyholders, who may prefer to pay flood insurance premiums only when facing the imminent threat of flood, Congress passed an amendment to the NFIP, requiring a thirty-day waiting period for all new flood policies to take effect.  See 42 U.S.C. § 4013(c)(1)("[C]overage under a new contract for flood insurance...shall become effective upon the expiration of the thirty-day period beginning on the date that all obligations for such coverage (including completion of the application and payment of any initial premiums owed) are satisfactorily completed.")(emphasis added).  FEMA adopted regulations to implement that Congressional mandate.  See 44 C.F.R. Part 61.11(c)("[T]he effective date and time of any new

policy...shall be 12:01 (local time) on the 30th calendar day <u>after</u> <u>the application date and the presentment of payment</u> of premium; for example, a flood insurance policy applied for with the payment of a premium on May 1 will become effective at 12:01 a.m. on May 31.")(emphasis added).  Allstate relies on the plain language of the statute and regulations to determine that Cousins' policy did not take effect until after her date of loss, thereby barring her from recovery.

Cousins disputes the date of loss, arguing that because she could not return to New Orleans immediately after the hurricane, she cannot determine the exact date of her loss.  Her petition states that her loss occurred "on and after August 29, 2005."  But the federal regulations state expressly that the NFIP "do[es] not insure a loss directly or indirectly caused by a flood that is already in progress at the time and the date [that] [t]he policy term begins."  44 C.F.R. Pt. 61, App. A(1), Art. VII®).  This Court takes judicial notice of the fact that Hurricane Katrina made landfall on August 29, 2005, and, therefore, the flooding was in progress at the time that Cousins' policy took effect.

Cousins further argues that Allstate, through its agent, is liable for "breach of fiduciary duties, detrimental reliance, tortuous misrepresentation and negligence."  She claims she was given written assurances by her agent, Gaudin, that the policy would be in effect as of the date of application.  Cousins presents a copy of the application for NFIP flood insurance that states the effective date as August 28, 2005.  Relying upon <u>Federal Crop</u>

<u>Insurance Corp. v. Merrill</u>, 332 U.S. 380 (1947) and <u>Heckler v. Community Health Services. of Crawford County, Inc.</u>, 467 U.S. 51 (1984), Allstate argues that Cousins is responsible for knowing the terms and conditions of her flood policy, including the effective date.

The facts in this case are very similar to the fact in <u>Larmann v. State Farm Insurance Co.</u>, 2005 WL 357191 (E.D. La. Feb. 11, 2005). In that case, purchasers of NFIP flood policies alleged that their agent was negligent in procuring insurance because they relied on representations made by him in making their decisions regarding insurance coverage. In weighing the evidence in the record, however, another Section of this Court granted summary judgment in favor of the agents, finding that the plaintiffs unreasonably relied on any statements made by the agent because "the insured has an additional outlet to which to turn to obtain information about the terms of the policy," namely federal statutes and regulations. <u>Id.</u> at *4 (quoting <u>Richmond Printing, L.L.C. v. Director, FEMA</u>, 72 Fed. Appx. 92 (5th Cir. 2003)).

Even if Gaudin made a material mistake regarding the effective date of the policy that contradicted the federal regulations, Cousins acted unreasonably as a matter of law in relying on that statement. The record shows that Cousins had numerous NFIP policies since 1996, and she is charged with constructive knowledge of the provisions of her policy and of the NFIP program "regardless of actual knowledge of what is in the regulations or of the hardship resulting from ignorant innocence." <u>Merrill</u>, 332 U.S. at

385.   No genuine issues of fact as to the representation of the agent or Cousins' reliance on these representations exist.

Therefore, IT IS ORDERED that Allstate's motion for summary judgment is GRANTED and the case against it is dismissed with prejudice.

New Orleans, Louisiana, February 9, 2007.

_____
Martin L.C. Feldman
United States District Judge